FILED

OCT 2 4 2002

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Courts
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

LESLIE ADAMS, BRIAN R. BALL, NICHOLAS L. BALL,
ROY C. BALL, BILLY J. BARKER, JERRY W. BARKER,
KENNETH D. BARKER, ALLEN BAXTER, JAMES A. BIAS,
KENVIL R. BIAS, CURTIS BROWN, GENE CASTLE,
DENNIS D. CHAPMAN, LEO E. COGAR, HAROLD G.
COLLINS, ROGER L. COLLINS, BRIAN L. COOK, JAMES
R. COOK, JAMES T. COOK, DAVID W. CRADDOCK,
JOHN R. CRADDOCK, DAVID L. DECK, JACK A. DEMPSEY,
JOHN K. DEMPSEY, CHARLES W. DENT, ROBERT
E. DENT, PAUL E. DILLON, TOM DOOLEY, O'DELL
R. ELLIS, ELERY D. FARLEY, HOWARD L. FARLEY,
MICHAEL L. FARRIS, GARY D. FOSTER, THOMAS R.
GILES, BERNIE J. HAGER, DAVID P. HAGER, STEVEN
M. HAGER, TIMOTHY M. HAGER, TOLBERT L. HALL,
EDDIE A. HICKS, ROSTON W. HUNTER, BILLY R. JARRELL,
JONATHAN JAVINS, SHERMAN JOHNSON, JAMES M.
KINDER, ROWDY KINSER, RUSTY KINSER, RICHARD L.
KNIGHT, WILLIAM L. KNIGHT, JR., DONALD R. LANHAM,
TERRY L. LAWS, BOBBY LITTLE, ORVILLE P. LITTLE,
JIMMY DALE LOFTUS, DAVID R. LOVEJOY,
DAVID E. MAY, JOHN G. MAYHORN, TIMOTHY
McGUIRE, BILLY W. McKINNEY, SHANE M.
MITCHELL, BARRY A. MYNES, GREGORY S. NAPIER,
BILLY C. NELSON, ROY E. NEWSOME, TONY L.
NICHOLS, DAVID R. OLDER, SAMUEL D. PERDUE,
RUSSELL D. PETERS, LESLIE R. RICE, TIMOTHY P.
ROBINSON, WILLIAM KYLE SCAGGS, HOWARD SCALF,
JR., JOHN M. SHIRKEY, ALLEN SMITH, BRIAN SMITH,
DOUGLAS SMITH, WILLIAM H. SMITH, JACKIE E.
SPURLOCK, JACKIE E. SPURLOCK, JR., RICKEY A.
SPURLOCK, MARK STOLLINGS, NAAMAN (BUD) STOLLINGS,
PAUL E. STOVER, LEONARD M. TABOR, SCOTT W.
THOMPSON, CALVIN R. TOMLIN, OPIE TOMBLIN,
JR., FULTON H. TONEY, DAVID TOWNSEND, KEVIN J.
TRAMMELL, PHILLIP J. WHITE, REATHER (RICK)
WILLIAMSON, RAY WOLFORD, LAWRENCE WOODS, JR.,
CLYDE W. WORKMAN, JR., DARREN WORKMAN,
EARL WORKMAN, LENNIE W. WORKMAN, RODNEY L.
YEAGER, and others similarly situated,

Plaintiffs,

v.

CIVIL ACTION NO. 2:02-1275
(CIRCUIT COURT OF BOONE
COUNTY CIVIL ACTION NO. 02-C-167)

C0660039.1

SCANNED

**Bar-K, INC., APOGEE COAL COMPANY,
HOBET MINING, INC., ROGER BELL and
BILLY BARKER, individually, and as responsible
corporate officers of Bar-K, Inc.,**

### Defendants.

## NOTICE OF REMOVAL

TO:   H. H. Howell, Jr., Clerk
Boone County Circuit Court
Boone County Courthouse
200 State Street
Madison, West Virginia 25130- 1189

Charles F. Donnelly, Esquire (WV SB# 1039)
District 17, United Mine Workers of America
Post Office Box 13123
Charleston, West Virginia 25325-1313
*Counsel for Plaintiffs*
(304) 346-0341

To the Judges of the United States District Court for the Southern District of

West Virginia:

Please take notice that pursuant to 28 U.S.C. § 1441, defendants, Apogee Coal

Company and Hobet Mining, Inc., remove this action from the Circuit Court of Boone

County, West Virginia, to the United States District Court for the Southern District of West

Virginia on the following grounds:

1.     On September 24, 2002, defendants Apogee Coal Company and Hobet

Mining, Inc. were served, by service on the Secretary of State of West Virginia on that date,

with a copy of a Summons and Complaint in an action commenced in the Circuit Court of

Boone County, West Virginia, entitled *Leslie Adams, et al. v. Bar-K, Inc, Apogee Coal

Company, Hobet Mining, In c, Roger Bell and Billy Barker, individually, and as responsible

corporate officers of Bar-K, Inc.,* Civil Action No. 02-C-167. Copies of the Summons

directed to the defendants are attached as Exhibit A, and a copy of the Complaint is attached

C0660039.1                             2

as Exhibit B. A copy of the Boone County Circuit Court Docket Sheet and the rest of the court file from the Circuit Court of Boone County are attached as Exhibit C.

2.      Plaintiffs are claiming that they are due wages and benefits from their prior employer, Bar-K, Inc. Plaintiffs do not specify in their complaint or mechanic's lien what benefits they are claiming. However, on April 2, 2002, the United Mine Workers of America submitted to Bar-K, Inc. a listing of medical bills allegedly owed for former Bar-K, Inc. employees. (Ann Starcher Affidavit, attached as Exhibit D.) The listing for the unpaid medical bills is similar to the benefits claimed in Appendix A of the complaint. Federal courts have held that demand letters served prior to suit can put defendants on notice that claims later asserted in a complaint are removable. *See, e.g., Central Iowa Agri-Systems v. Old Heritage Advertising and Publishers, Inc.*, 727 F. Supp. 1304 (S.D. Iowa 1989). Accordingly, the plaintiffs are claiming, inter alia, that they have incurred expenses for medical treatment during their employment with Bar-K, Inc., and they seek to recover these expenses from the defendants. Any such health benefits are payable under the terms of the Bar-K, Inc.'s employee benefit plan which is subject to the provisions of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.* Therefore, any claim that the defendants are liable for a failure to provide medical benefits is solely governed by the terms of ERISA.

3.      In *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987), the United States Supreme Court held that causes of action claiming benefits under ERISA-covered employee benefit plans are within the scope of Section 502(a)(1)(b), even if pleaded exclusively in terms of state law theories, and are removable to federal court under 28 U.S.C. § 1441(b). The Court held, "Accordingly, this suit, though it purports to raise only state law

claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It therefore, 'arise[s] under the . . . laws . . . of the United States,' . . . and is removable to federal court by the defendants." 95 L.Ed.2d at 65.

5.    For the above reasons, this Court has original jurisdiction over this action under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331, inasmuch as the complaint constitutes a civil action brought by participants of an employee benefit plan to recover benefits covered by an employee benefit plan. This action, therefore, is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) without regard to citizenship or residence of the parties, or the amount is controversy.

6.    Defendants Apogee Coal Company and Hobet Mining, Inc. file this Notice of Removal within thirty (30) days after their receipt of a copy of the initial pleading setting forth the claim upon which this action is based.

7.    Defendants, upon information and belief, note that neither Roger Bell nor Billy Barker have been served. With regard to Bar-K, Inc., plaintiff served the complaint and summons on the Secretary of State. However, the Secretary of State informed the Circuit Clerk that the summons and complaint for Bar-K, Inc. "were not deliverable as addressed/unable to forward" (Court file, attached as Exhibit C). Accordingly, defendants note that the time for Bar-K, Inc. to consent to removal has not begun. *See, Lilly v. CSX Transportation, Inc.*, No. 5:02-0004 (Faber, J. Feb. 21, 2002) (attached hereto as Exhibit E).

Accordingly, defendants Apogee Coal Company and Hobet Mining, Inc. remove this matter, now pending before the Circuit Court of Boone County, West Virginia, to this Court.

This Notice of Removal is signed pursuant to the requirements of Rule 11 of

the Federal Rules of Civil Procedure.

**APOGEE COAL COMPANY** and
**HOBET MINING, INC.**

By Counsel

ALBERT F. SEBOK (WV SB#: 4722)
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
(304) 340-1000

*Counsel for Defendants*
*Apogee Coal Company and*
*Hobet Mining, Inc.*

C0660039.1                                                        5

## SUMMONS


### IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Leslie Adams, Brian R. Ball, Nicholas L. Ball,
Roy C. Ball, Billy J. Barker, Jerry W. Barker,
Kenneth D. Barker, Allen Baxter, James A. Bias,
Kenvil R. Bias, Curtis Brown, Gene Castle,
Dennis D. Chapman, Leo E. Cogar, Harold G.
Collins, Roger L. Collins, Brian L. Cook, James
R. Cook, James T. Cook, David W. Craddock,
John R. Craddock, David L. Deck, Jack A. Dempsey,
John K. Dempsey, Charles W. Dent, Robert
E. Dent, Paul E. Dillon, Tom Dooley, O'Dell
R. Ellis, Elery D. Farley, Howard L. Farley,
Michael L. Farris, Gary D. Foster, Thomas R.
Giles, Bernie J. Hager, David P. Hager, Steven
M. Hager, Timothy M. Hager, Tolbert L. Hall,
Eddie A. Hicks, Roston W. Hunter, Billy R. Jarrell,
Jonathan Javins, Sherman Johnson, James M.
Kinder, Rowdy Kinser, Rusty Kinser, Richard L.
Knight, William L. Knight, Jr., Donald R. Lanham,
Terry L. Laws, Bobby Little, Orville P. Little,
Jimmy Dale Loftus, David R. Lovejoy,
David E. May, John G. Mayhorn, Timothy
McGuire, Billy W. McKinney, Shane M.
Mitchell, Barry A. Mynes, Gregory S. Napier,
Billy C. Nelson, Roy E. Newsome, Tony L.
Nichols, David R. Older, Samuel D. Perdue,
Russell D. Peters, Leslie R. Rice, Timothy P.
Robinson, William Kyle Scaggs, Howard Scalf,
Jr., John M. Shirkey, Allen Smith, Brian Smith,
Douglas Smith, William H. Smith, Jackie E.
Spurlock, Jackie E. Spurlock, Jr., Rickey A.
Spurlock, Mark Stollings, Naaman (Bud) Stollings,
Paul E. Stover, Leonard M. Tabor, Scott W.
Thompson, Calvin R. Tomblin, Opie Tomblin,
Jr., Fulton H. Toney, David Townsend, Kevin J.
Trammell, Phillip J. White, Reather (Rick)
Williamson, Ray Wolford, Lawrence Woods, Jr.,
Clyde W. Workman, Jr., Darren Workman,
Earl Workman, Lennie W. Workman, Rodney L.
Yeager and others similarly situated,

EXHIBIT
A

FILED

OCT 2 4 2002

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Courts
Southern District of West Virginia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

LESLIE ADAMS, BRIAN R. BALL, NICHOLAS L. BALL,
ROY C. BALL, BILLY J. BARKER, JERRY W. BARKER,
KENNETH D. BARKER, ALLEN BAXTER, JAMES A. BIAS,
KENVIL R. BIAS, CURTIS BROWN, GENE CASTLE,
DENNIS D. CHAPMAN, LEO E. COGAR, HAROLD G.
COLLINS, ROGER L. COLLINS, BRIAN L. COOK, JAMES
R. COOK, JAMES T. COOK, DAVID W. CRADDOCK,
JOHN R. CRADDOCK, DAVID L. DECK, JACK A. DEMPSEY,
JOHN K. DEMPSEY, CHARLES W. DENT, ROBERT
E. DENT, PAUL E. DILLON, TOM DOOLEY, O'DELL
R. ELLIS, ELERY D. FARLEY, HOWARD L. FARLEY,
MICHAEL L. FARRIS, GARY D. FOSTER, THOMAS R.
GILES, BERNIE J. HAGER, DAVID P. HAGER, STEVEN
M. HAGER, TIMOTHY M. HAGER, TOLBERT L. HALL,
EDDIE A. HICKS, ROSTON W. HUNTER, BILLY R. JARRELL,
JONATHAN JAVINS, SHERMAN JOHNSON, JAMES M.
KINDER, ROWDY KINSER, RUSTY KINSER, RICHARD L.
KNIGHT, WILLIAM L. KNIGHT, JR., DONALD R. LANHAM,
TERRY L. LAWS, BOBBY LITTLE, ORVILLE P. LITTLE,
JIMMY DALE LOFTUS, DAVID R. LOVEJOY,
DAVID E. MAY, JOHN G. MAYHORN, TIMOTHY
McGUIRE, BILLY W. McKINNEY, SHANE M.
MITCHELL, BARRY A. MYNES, GREGORY S. NAPIER,
BILLY C. NELSON, ROY E. NEWSOME, TONY L.
NICHOLS, DAVID R. OLDER, SAMUEL D. PERDUE,
RUSSELL D. PETERS, LESLIE R. RICE, TIMOTHY P.
ROBINSON, WILLIAM KYLE SCAGGS, HOWARD SCALF,
JR., JOHN M. SHIRKEY, ALLEN SMITH, BRIAN SMITH,
DOUGLAS SMITH, WILLIAM H. SMITH, JACKIE E.
SPURLOCK, JACKIE E. SPURLOCK, JR., RICKEY A.
SPURLOCK, MARK STOLLINGS, NAAMAN (BUD) STOLLINGS,
PAUL E. STOVER, LEONARD M. TABOR, SCOTT W.
THOMPSON, CALVIN R. TOMLIN, OPIE TOMBLIN,
JR., FULTON H. TONEY, DAVID TOWNSEND, KEVIN J.
TRAMMELL, PHILLIP J. WHITE, REATHER (RICK)
WILLIAMSON, RAY WOLFORD, LAWRENCE WOODS, JR.,
CLYDE W. WORKMAN, JR., DARREN WORKMAN,
EARL WORKMAN, LENNIE W. WORKMAN, RODNEY L.
YEAGER, and others similarly situated,

Plaintiffs,

v.

CIVIL ACTION NO. 2:02-1275
(CIRCUIT COURT OF BOONE
COUNTY CIVIL ACTION NO. 02-C-167)

C0660039.1

**Bar-K, INC., APOGEE COAL COMPANY,
HOBET MINING, INC., ROGER BELL and
BILLY BARKER, individually, and as responsible
corporate officers of Bar-K, Inc.,**

**Defendants.**

## CERTIFICATE OF SERVICE

I, Albert F. Sebok, counsel for Defendants , do hereby certify that service of

the foregoing *Notice of Removal* was made upon the plaintiffs by causing true and exact

copies thereof to be mailed by United States mail, postage prepaid, to:

> Charles F. Donnelly, Esquire (WV SB# 1039)
> District 17, United Mine Workers of America
> Post Office Box 13123
> Charleston, West Virginia 25325-1313
> *Counsel for Plaintiffs*

on this 24th day of October, 2002.

ALBERT F. SEBOK (WV SB#: 4722)

Plaintiffs,

v.                                                    CIVIL ACTION NO. *02-C-167*

BAR-K, INC., APOGEE COAL COMPANY,
HOBET MINING, INC., ROGER BELL and
BILLY BARKER, individually, and as responsible
corporate officers of Bar-K, Inc.,

Defendants.

**To the above-named Defendant:**     **Hobet Mining, Inc.**
                                      **Attention: Corporation Trust Company**
                                      **P. O. Box 951**
                                      **Charleston, WV 25323**

You are hereby summoned and required to serve upon <u>Charles F. Donnelly</u>, plaintiffs' attorney, whose address is <u>P. O. Box 1313, Charleston, WV 25325-1313</u>, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled action, a true copy of which is herewith delivered to you. You are required to serve your answer within <u>30</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated *Sept. 20, 2002*

_____
Clerk of the Court

**SUMMONS**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Leslie Adams, Brian R. Ball, Nicholas L. Ball,
Roy C. Ball, Billy J. Barker, Jerry W. Barker,
Kenneth D. Barker, Allen Baxter, James A. Bias,
Kenvil R. Bias, Curtis Brown, Gene Castle,
Dennis D. Chapman, Leo E. Cogar, Harold G.
Collins, Roger L. Collins, Brian L. Cook, James
R. Cook, James T. Cook, David W. Craddock,
John R. Craddock, David L. Deck, Jack A. Dempsey,
John K. Dempsey, Charles W. Dent, Robert
E. Dent, Paul E. Dillon, Tom Dooley, O'Dell
R. Ellis, Elery D. Farley, Howard L. Farley,
Michael L. Farris, Gary D. Foster, Thomas R.
Giles, Bernie J. Hager, David P. Hager, Steven
M. Hager, Timothy M. Hager, Tolbert L. Hall,
Eddie A. Hicks, Roston W. Hunter, Billy R. Jarrell,
Jonathan Javins, Sherman Johnson, James M.
Kinder, Rowdy Kinser, Rusty Kinser, Richard L.
Knight, William L. Knight, Jr., Donald R. Lanham,
Terry L. Laws, Bobby Little, Orville P. Little,
Jimmy Dale Loftus, David R. Lovejoy,
David E. May, John G. Mayhorn, Timothy
McGuire, Billy W. McKinney, Shane M.
Mitchell, Barry A. Mynes, Gregory S. Napier,
Billy C. Nelson, Roy E. Newsome, Tony L.
Nichols, David R. Older, Samuel D. Perdue,
Russell D. Peters, Leslie R. Rice, Timothy P.
Robinson, William Kyle Scaggs, Howard Scalf,
Jr., John M. Shirkey, Allen Smith, Brian Smith,
Douglas Smith, William H. Smith, Jackie E.
Spurlock, Jackie E. Spurlock, Jr., Rickey A.
Spurlock, Mark Stollings, Naaman (Bud) Stollings,
Paul E. Stover, Leonard M. Tabor, Scott W.
Thompson, Calvin R. Tomblin, Opie Tomblin,
Jr., Fulton H. Toney, David Townsend, Kevin J.
Trammell, Phillip J. White, Reather (Rick)
Williamson, Ray Wolford, Lawrence Woods, Jr.,
Clyde W. Workman, Jr., Darren Workman,
Earl Workman, Lennie W. Workman, Rodney L.
Yeager and others similarly situated,

Plaintiffs,

v.                                          CIVIL ACTION NO. 02-C-169

BAR-K, INC., APOGEE COAL COMPANY,
HOBET MINING, INC., ROGER BELL and
BILLY BARKER, individually, and as responsible
corporate officers of Bar-K, Inc.,

Defendants.

**To the above-named Defendant:**        **Apogee Coal Company**
                                          **Attention: Corporation Trust Company**
                                          **P. O. Box 951**
                                          **Charleston, WV 25323**

You are hereby summoned and required to serve upon <u>Charles F. Donnelly</u>, plaintiffs' attorney, whose address is <u>P. O. Box 1313, Charleston, WV 25325-1313</u>, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled action, a true copy of which is herewith delivered to you. You are required to serve your answer within <u>30</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated Sept. 20, 2002

_____
Clerk of the Court

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Leslie Adams, Brian R. Ball, Nicholas L. Ball,
Roy C. Ball, Billy J. Barker, Jerry W. Barker,
Kenneth D. Barker, Allen Baxter, James A. Bias,
Kenvil R. Bias, Curtis Brown, Gene Castle,
Dennis D. Chapman, Leo E. Cogar, Harold G.
Collins, Roger L. Collins, Brian L. Cook, James
R. Cook, James T. Cook, David W. Craddock,
John R. Craddock, David L. Deck, Jack A. Dempsey,
John K. Dempsey, Charles W. Dent, Robert
E. Dent, Paul E. Dillon, Tom Dooley, O'Dell
R. Ellis, Elery D. Farley, Howard L. Farley,
Michael L. Farris, Gary D. Foster, Thomas R.
Giles, Bernie J. Hager, David P. Hager, Steven
M. Hager, Timothy M. Hager, Tolbert L. Hall,
Eddie A. Hicks, Roston W. Hunter, Billy R. Jarrell,
Jonathan Javins, Sherman Johnson, James M.
Kinder, Rowdy Kinser, Rusty Kinser, Richard L.
Knight, William L. Knight, Jr., Donald R. Lanham,
Terry L. Laws, Bobby Little, Orville P. Little,
Jimmy Dale Loftus, David R. Lovejoy,
David E. May, John G. Mayhorn, Timothy
McGuire, Billy W. McKinney, Shane M.
Mitchell, Barry A. Mynes, Gregory S. Napier,
Billy C. Nelson, Roy E. Newsome, Tony L.
Nichols, David R. Older, Samuel D. Perdue,
Russell D. Peters, Leslie R. Rice, Timothy P.
Robinson, William Kyle Scaggs, Howard Scalf,
Jr., John M. Shirkey, Allen Smith, Brian Smith,
Douglas Smith, William H. Smith, Jackie E.
Spurlock, Jackie E. Spurlock, Jr., Rickey A.
Spurlock, Mark Stollings, Naaman (Bud) Stollings,
Paul E. Stover, Leonard M. Tabor, Scott W.
Thompson, Calvin R. Tomblin, Opie Tomblin,
Jr., Fulton H. Toney, David Townsend, Kevin J.
Trammell, Phillip J. White, Reather (Rick)
Williamson, Ray Wolford, Lawrence Woods, Jr.,
Clyde W. Workman, Jr., Darren Workman,
Earl Workman, Lennie W. Workman, Rodney L.
Yeager and others similarly situated,

        Plaintiffs,

v.

CIVIL ACTION NO. 02 - C - 167

EXHIBIT
B

BAR-K, INC., APOGEE COAL COMPANY,
HOBET MINING, INC., ROGER BELL and
BILLY BARKER, individually, and as responsible
corporate officers of Bar-K, Inc.,

        Defendants.

## COMPLAINT

1.    This is an action to recover the value of unpaid wages, benefits and liquidated damages pursuant to common law, the West Virginia Wage Payment and Collection Act, W. Va. Code §§21-5-1, et seq. and particularly §§21-5-4(e), 21-5-7 and 21-5-12 and to enforce a mechanic's lien pursuant to W. Va. Code §§38-2-5, 38-2-6, 38-2-31 and 38-2-33.

2.    Plaintiffs assert their claim against their immediate and responsible employer, Bar-K, and against Hobet under the "prime contractor" provisions of the Wage Payment and Collection Act, W. Va. Code §21-5-7, and against the responsible corporate officer(s) directly under W. Va. Code §21-5-12.

3.    Individual plaintiffs, Leslie Adams, Brian R. Ball, Nicholas L. Ball, Roy C. Ball, Billy J. Barker, Jerry W. Barker, Kenneth D. Barker, Allen Baxter, James A. Bias, Kenvil R. Bias, Curtis Brown, Gene Castle, Dennis D. Chapman, Leo F. Cogar, Harold G. Collins, Roger L. Collins, Brian L. Cook, James R. Cook, James T. Cook, David W. Craddock, John R. Craddock, David L. Deck, Jack A. Dempsey, John K. Dempsey, Charles W. Dent, Robert E. Dent, Paul E. Dillon, Tom Dooley, O'Dell R. Ellis, Elery D. Farley, Howard L. Farley, Michael L. Farris, Gary D. Foster, Thomas R. Giles, Bernie J. Hager, David P. Hager, Steven M. Hager, Timothy M. Hager, Tolbert L. Hall, Eddie A. Hicks, Roston W. Hunter, Billy R. Jarrell, Jonathan Javins, Sherman Johnson, James M. Kinder, Rowdy Kinser, Rusty Kinser, Richard L. Knight, William L. Knight, Jr., Donald R. Lanham, Terry L. Laws, Bobby Little, Orville P. Little, Jimmy Dale Loftus, David R. Lovejoy, David E. May, John G.

Mayhorn, Timothy McGuire, Billy W. McKinney, Shane M. Mitchell, Barry A. Mynes, Gregory S. Napier, Billy C. Nelson, Roy E. Newsome, Tony L. Nichols, David R. Older, Samuel D. Perdue, Russell D. Peters, Leslie R. Rice, Timothy P. Robinson, William Kyle Scaggs, Howard Scalf, Jr., John M. Shirkey, Allen Smith, Brian Smith, Douglas Smith, William II. Smith, Jackie E. Spurlock, Jackie E. Spurlock, Jr., Rickey A. Spurlock, Mark Stollings, Naaman (Bud) Stollings, Paul E. Stover, Leonard M. Tabor, Scott W. Thompson, Calvin R. Tomblin, Opie Tomblin, Jr., Fulton II. Toney, David Townsend, Kevin J. Trammell, Phillip White, Reather (Rick)Williamson, Ray Wolford, Lawrence Woods, Jr., Clyde W. Workman, Jr., Darren Workman, Earl Workman, Lennie W. Workman, Rodney L. Yeager and others similarly situated, are residents of West Virginia and at all times pertinent herein were employed directly by Bar-K, Inc., and indirectly by Apogee Coal Company and/or Hobet Mining, Inc., all acting as a joint venture, in the operation of coal mines and/or coal facilities near Julian in Boone County, West Virginia, until on or about February 21, 2002, at which time they were laid off.

4.    The defendants Bar-K, Inc. ("Bar-K"), Apogee Coal Company ("Apogee"), and Hobet Mining, Inc. ("Hobet") are or were at pertinent times, corporations, chartered in, or authorized to do business in the State of West Virginia, and were at all times pertinent engaged in the business of mining, producing, processing or transporting coal in West Virginia.

5.    Upon information and belief, Bar-K, Hobet and/or Apogee conducted the mining operations at which plaintiffs worked as a joint venture and/or joint employer.

6.    Upon further information and belief, the defendants, Roger Bell and Billy Barker, were the sole corporate officers and/or owners of Bar-K, who knowingly allowed the corporation to violate the provisions of the West Virginia Wage Payment and Collection Act, W. Va. Code §§21-5-1, et seq.

7.    Upon information and belief, defendant Hobet, deliberately and wantonly, caused the termination of plaintiffs' employment by terminating the joint venture or joint employer relationship

with Bar-K.

8.     Subsequently, on or about February 21, 2002, defendants abruptly and without notice to any of their employees, ceased operations.

9.     At the time their work ceased, plaintiffs were owed certain undisputed wages and fringe benefits. The amounts presently due the named plaintiffs total in excess of $374,446.34 and are set forth in the Summary of Wages and Benefits Owed, attached as Appendix "A".

10.     The individual plaintiffs were not paid the sums due them which were required by common law and W. Va. Code §21-5-4 by any of the responsible defendants. To date, although receiving some partial payment, plaintiffs still have not received the total payment for the value of their labor due them up to the time of the filing of this Complaint despite the plaintiffs having exhausted attempts to collect said sums.

11.     As a result of defendants' joint and/or several refusal to properly pay all wages and benefits due and owing individual plaintiffs, plaintiffs duly filed a Mechanic's Lien recorded with the Clerk of the Boone County Commission as provided by W. Va. Code §§38-2-1, et seq., which generally attaches to all real and personal property of the defendants, and specifically upon the particular real estate upon which plaintiffs' labor was performed and the interest therein, for the benefit of the defendants. Said lien was properly perfected within the period prescribed by law. (Appendix "B")

12.     This action to enforce a mechanic's lien aforesaid was commenced within six months from the date of filing of said Notice of Mechanic's Lien.

13.     Further, upon information and belief, defendants did not comply with W. Va. Code §21-5-16 and knowingly and willfully failed to adequately comply or require compliance with W. Va. Code §21-5-14.

14. The plaintiffs hereby bring this action to enforce said mechanic's lien pursuant to W. Va. Code §§38-2-5, 38-2-6, 38-2-31, 38-2-33 and 38-2-34 for the value of wages and benefits owed, together with liquidated damages pursuant to W. Va. Code §38-2-31.

WHEREFORE, plaintiffs pray that the Court:

(1) Grant judgment against the defendants, jointly and severally, for the value of their unpaid wages and benefits, and interest on all such amounts from the date they were due;

(2) Grant plaintiffs enforcement of their mechanic's lien;

(3) Award compensatory and liquidated damages in accordance with this Complaint;

(4) Award the individuals their costs, expenses, attorney's fees and other such relief the Court deems just and proper;

(5) Grant them any and all other relief which may be appropriate in this case.

Plaintiffs request a trial by jury of their peers from Boone County, West Virginia to be held in Boone County, West Virginia.

PLAINTIFFS, By Counsel

Charles F. Donnelly, WV State Bar #1039
District 17, United Mine Workers of America
P. O. Box 1313
Charleston, WV 25325-1313
(304) 346-0341

## VERIFICATION

STATE OF WEST VIRGINIA,

COUNTY OF _Logan_ , to-wit:

I, Paul Ritchie, Field Representative of District 17, United Mine Workers of America, being duly sworn, upon my oath say that the facts and allegations contained in the foregoing Complaint are true except where they are therein stated to be upon information and belief, and where they are therein stated to be upon information and belief, I believe them to be true.

_Paul Ritchie_
PAUL RITCHIE

The foregoing verification was acknowledged before me this 18 day of September, 2002.

My commission expires 8-7-2006

_David Evans_
NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
DAVID EVANS
P. O. BOX 267
Verdunville, WV 25649
My Commission Expires August 7, 2006

APPENDIX A

# BAR-K, INC.
## SUMMARY OF WAGES AND BENEFITS OWED

| Employee | Wages | Benefits | Total |
|---|---|---|---|
| Leslie Adams | 0.00 | 9,795.92 | 9,795.92 |
| Brian R. Ball | 312.01 | 138.27 | 450.28 |
| Nicholas L. Ball | 782.06 | 5,410.53 | 6,192.59 |
| Roy C. Ball | 283.65 | 4,067.61 | 4,351.26 |
| Jerry W. Barker | 0.00 | 0.00 | 0.00 |
| Allen Baxter | 0.00 | 0.00 | 0.00 |
| James A. Bias | 510.57 | 75.66 | 586.23 |
| Kenvil R. Bias | 652.39 | 1,192.01 | 1,844.41 |
| Curtis E. Brown | 510.57 | 3,162.92 | 3,673.49 |
| Dennis D. Chapman | 680.76 | 0.00 | 680.76 |
| Leo E. Cogar | 482.21 | 0.00 | 482.21 |
| Harold G. Collins | 0.00 | 1,846.26 | 1,846.26 |
| Roger L. Collins | 510.57 | 144.38 | 654.95 |
| Brian L. Cook | 113.46 | 4,633.71 | 4,747.17 |
| James T. Cook | 141.82 | 0.00 | 141.82 |
| James R. Cook | 85.09 | 385.39 | 470.49 |
| David Craddock | 397.11 | 983.17 | 1,380.28 |
| John R. Craddock | 567.30 | 17,119.24 | 17,686.54 |
| David Deck | 605.12 | 0.00 | 605.12 |
| Jack A. Dempsey | 0.00 | 2,640.33 | 2,640.33 |
| John K. Dempsey | 510.57 | 4,106.65 | 4,617.22 |
| Charles W. Dent | 510.57 | 0.00 | 510.57 |
| Robert E. Dent | 482.21 | 9,976.75 | 10,458.96 |
| Paul E. Dillon | 0.00 | 28,628.89 | 28,628.89 |
| O'Dell R. Ellis | 432.23 | 2,650.71 | 3,082.93 |
| Elery D. Farley | 808.40 | 8,222.35 | 9,030.75 |
| Howard L. Farley Jr. | 425.47 | 10,988.61 | 11,414.09 |
| Michael Farris | 510.57 | 1,512.33 | 2,022.90 |
| Gary D. Foster | 0.00 | 2,887.65 | 2,887.65 |
| Thomas R. Giles | 0.00 | 0.00 | 0.00 |
| Bernie J. Hager | 2,742.02 | 1,693.56 | 4,435.58 |
| David P. Hager | 567.30 | 866.29 | 1,433.59 |
| Steven M. Hager | 382.93 | 15,125.21 | 15,508.14 |
| Timothy M. Hager | 518.67 | 24,795.93 | 25,314.60 |
| Tolbert Hall | 0.00 | 264.99 | 264.99 |
| Eddie A. Hicks | 510.57 | 37,843.83 | 38,354.40 |
| Billy R. Jarrell | 765.86 | 1,065.00 | 1,830.86 |
| Jonathan C. Javins | 0.00 | 0.00 | 0.00 |
| James M. Kinder | 538.94 | 9,296.06 | 9,834.99 |
| Rowdy Kinser | 0.00 | 80.00 | 80.00 |
| Rusty Kinser | 767.47 | 0.00 | 767.47 |
| William L. Knight Jr. | 463.85 | 1,362.85 | 1,826.69 |

| Employee | Wages | Benefits | Total |
|---|---|---|---|
| Donald Lanham | 0.00 | 0.00 | 0.00 |
| Terry R. Laws Sr. | 567.30 | 325.90 | 893.20 |
| Orville P. Little | 170.19 | 0.00 | 170.19 |
| Jimmy Loftus | 0.00 | 505.00 | 505.00 |
| David E. May | 482.21 | 7,321.78 | 7,803.98 |
| John G. Mayhorn | 510.57 | 117.61 | 628.18 |
| Tim McGuire | 113.46 | 1,815.72 | 1,929.18 |
| Billy McKinney | 510.57 | 1,231.00 | 1,741.57 |
| Shane M. Mitchell | 0.00 | 0.00 | 0.00 |
| Barry A. Mynes | 567.30 | 60,298.33 | 60,865.63 |
| Gregory S. Napier | 113.46 | 895.06 | 1,008.52 |
| Billy Nelson | 0.00 | 800.75 | 800.75 |
| Roy E. Newsome | 0.00 | 0.00 | 0.00 |
| Tony L. Nichols | 521.37 | 0.00 | 521.37 |
| David R. Older | 624.03 | 3,777.68 | 4,401.71 |
| Samuel D. Perdue | 0.00 | 130.00 | 130.00 |
| Leslie R. Rice | 567.30 | 0.00 | 567.30 |
| Timothy P. Robinson | 0.00 | 0.00 | 0.00 |
| William K. Scaggs | 0.00 | 0.00 | 0.00 |
| Howard Scalf Jr. | 765.86 | 2,116.17 | 2,882.03 |
| John M. Shirkey | 765.86 | 971.20 | 1,737.06 |
| Allen Smith | 765.86 | 0.00 | 765.86 |
| Brian Smith | 765.86 | 0.00 | 765.86 |
| Douglas Smith | 765.86 | 0.00 | 765.86 |
| William H. Smith | 0.00 | 57.53 | 57.53 |
| Jackie E. Spurlock Jr. | 0.00 | 0.00 | 0.00 |
| Jackie E. Spurlock Sr. | 765.86 | 14,918.10 | 15,683.96 |
| Rickey A. Spurlock | 510.57 | 0.00 | 510.57 |
| Mark D. Stollings | 0.00 | 0.00 | 0.00 |
| Naaman N. Stollings | 765.86 | 11,699.35 | 12,465.21 |
| Paul E. Stover | 0.00 | 3,242.40 | 3,242.40 |
| Leonard M. Tabor | 510.57 | 260.51 | 771.08 |
| Calvin Tomblin | 0.00 | 1,354.58 | 1,354.58 |
| Opie Tomblin Jr. | 482.21 | 177.00 | 659.21 |
| Fulton H. Toney | 0.00 | 6,326.34 | 6,326.34 |
| David G. Townsend | 0.00 | 0.00 | 0.00 |
| Kevin Trammell | 113.46 | 1,935.48 | 2,048.94 |
| Phillip J. White | 0.00 | 507.50 | 507.50 |
| Reather (Rick) Williamson | 0.00 | 0.00 | 0.00 |
| Ray Wolford | 226.92 | 1,591.86 | 1,818.78 |
| Lawrence Woods Jr. | 0.00 | 690.00 | 690.00 |
| Clyde W. Workman Jr. | 510.57 | 386.43 | 897.00 |
| Darren Workman | 765.86 | 45.00 | 810.86 |
| Lennie W. Workman | 907.68 | 4,671.77 | 5,579.45 |
| Rodney L. Yeager | 0.00 | 1,604.35 | 1,604.35 |

Summary of Wages and Benefits Owed

| Employee | Wages | Benefits | Total |
|---|---|---|---|
| Totals | 31,708.88 | 342,737.46 | 374,446.34 |

CH LEIN
5    463

APPENDIX B

## NOTICE OF MECHANIC'S LIEN

TO:    BAR-K, INC.
       Attention: Roger Bell
       Route 1, Box 344
       Hewett, WV 25108

       APOGEE COAL COMPANY
       Attention: Corporation Trust Company
       703 Virginia Street, East
       Charleston, WV 25301

       ROGER BELL, President
       Bar-K, Inc.
       Route 1, Box 344
       Hewett, WV 25108

       HOBET MINING, INC.
       Attention: Corporation Trust Company
       703 Virginia Street, East
       Charleston, WV 25301

       BILLY BARKER, Secretary
       Bar-K, Inc.
       P. O. Box 100
       Pecks Mills, WV 25547

NOTICE is hereby given in accordance with the laws of the State of West Virginia, that the

undersigned Paul Ritchie, on behalf of Leslie Adams, Brian R. Ball, Nicholas L. Ball, Roy C. Ball,

Billy J. Barker, Jerry W. Barker, Kenneth D. Barker, Allen Baxter, James A. Bias, Kenvil R. Bias,

Curtis Brown, Gene Castle, Dennis D. Chapman, Leo E. Cogar, Roger L. Collins, Brian L. Cook,

James R. Cook, James T. Cook, David W. Craddock, John R. Craddock, David L. Deck, Jack A.

Dempsey, John K. Dempsey, Charles W. Dent, Robert E. Dent, Paul E. Dillon, Tom Dooley, O'Dell

R. Ellis, Elery D. Farley, Howard L. Farley, Michael L. Farris, Gary D. Foster, Thomas R. Giles,

David P. Hager, Steven M. Hager, Timothy M. Hager, Tolbert L. Hall, Eddie A. Hicks, Roston W.

Hunter, Billy R. Jarrell, Jonathan Javins, Sherman Johnson, James M. Kinder, Rowdy Kinser, Rusty

Kinser, William E. Kinser, Richard L. Knight, William L. Knight, Jr., Donald R. Lanham, Terry L.

Laws, Bobby Little, Orville P. Little, Jimmy Dale Loftus, David R. Lovejoy, David E. May, John G.

Mayhorn, Timothy McGuire, Billy W. McKinney, Barry A. Mynes, Gregory S. Napier, Billy C.

Nelson, Roy E. Newsome, Tony L. Nichols, David R. Older, Samuel D. Perdue, Russell D. Peters,

Leslie R. Rice, Timothy P. Robinson, William Kyle Scaggs, Howard Scalf, Jr., John M. Shirkey,

P. O. Box 1313
Charleston, WV 25325-1313

RECEIVED '02 MAR 27 12 08 PM
BOONE COUNTY WILLIAMS CLERK

1, 1, 3

Roston W. Hunter, Billy R. Jarrell, Jonathan Javins, Sherman Johnson, James M. Kinder, Rowdy Kinser, Rusty Kinser, William E. Kinser, Richard L. Knight, William L. Knight, Jr., Donald R. Lanham, Terry L. Laws, Bobby Little, Orville P. Little, Jimmy Dale Loftus, David R. Lovejoy, David E. May, John G. Mayhorn, Timothy McGuire, Billy W. McKinney, Barry A. Mynes, Gregory S. Napier, Billy C. Nelson, Roy E. Newsome, Tony L. Nichols, David R. Older, Samuel D. Perdue, Russell D. Peters, Leslie R. Rice, Timothy P. Robinson, William Kyle Scaggs, Howard Scalf, Jr., John M. Shirkey, Allen Smith, Brian Smith, Douglas Smith, William H. Smith, Jackie E. Spurlock, Jackie E. Spurlock, Jr., Rickey A. Spurlock, Naaman N. (Bud) Stollings, Mark Stollings, Paul E. Stover, Leonard M. Tabor, Scott W. Thompson, Calvin R. Tomblin, Opie Tomblin, Jr., Fulton H. Toney, David Townsend, Kevin J. Trammell, Phillip White, Reather Williamson, Ray Wolford, Lawrence Woods, Jr., Clyde W. Workman, Jr., Darren Workman, Earl Workman, Lennie W. Workman, Rodney L. Yeager, and others similarly situated

STATE OF WEST VIRGINIA,

COUNTY OF _LOGAN_, to-wit:

Acknowledged before me this _26_ day of March, 2002.

My commission expires _AUGUST 7, 2006_.

_Linda Dare Waugh_
_____
NOTARY PUBLIC

Prepared by:

_Charles F. Donnelly_ _pw_
Charles F. Donnelly, Attorney at Law
P. O. Box 1313
Charleston, WV 25325-1313
(304) 346-0341

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
LINDA DARE WAUGH
P. O. BOX 214
McConnell, WV 25646
My Commission Expires August 7, 2006

27TH 3 MARCH 2002 12:48 P.



CASE 02-C-57          BOONE

LESLIE ADAMS ET AL          vs. BAR-K, INC. ET ALS

| LINE | DATE | ACTION |
|---|---|---|
| 1 | 09/20/02 | CASE FILED |
| 2 | | CIVIL CASE INFORMATION STATEMENT REC'D FROM CHARLES F. |
| 3 | | DONNELLY, ESQ., DISTRICT 7, UNITED MINE WORKERS OF AMERICA, |
| 4 | | P.O. BOX 1313, CHARLESTON, WV 25325-1313. 346-0341. |
| 5 | | COMPLAINT REC'D & FILED. |
| 6 | | SUMMONS ISSUED |
| 7 | | ATTORNEY TO DO SERVICE. |
| 8 | 09/26/02 | SUMMONS RET'D. SERVED ON SEC. OF ST. ON BEHALF OF HOBET MINING, |
| 9 | | INC. 9/24/02. |
| 10 | 09/26/02 | SUMMONS RET'D. SERVED ON SEC. OF ST. ON BEHALF OF APOGEE COAL |
| 11 | | CO. 9/24/02. |
| 12 | 09/26/02 | COMPLAINT & SUMMONS RET'D. SERVED ON SEC. OF ST. ON BEHALF OF |
| 13 | | BAR-K, INC. 9/24/02. |
| 14 | 10/02/02 | LETTER FROM SEC. OF ST. "NOT DELIVERABLE AS ADDRESSED/UNABLE TO |
| 15 | | FORWARD REC'D. & FILED. |

EXHIBIT
C

# MEMORANDUM TO CLERK
## FOR INSTITUTING CIVIL ACTION

To the Clerk of the ~~Circuit Court~~
Court of  Boone  County, West Virginia

Leslie Adams, et al,

CIVIL ACTION NO. $02-C-167$
(To Be filled in by Clerk)

Plaintiffs

VS.

| | Days to Answer | Type of Service (Personal, Publication or Auditor) |
|---|---|---|
| Bar-K, Inc. Attention: Roger Bell Route 1, Box 344          Street | 30 | Secretary of State |
| Hewett, WV  25108          City and County | | |
| Apogee Coal Company Attention: Corporation Trust Company P. O. Box 951          Street | 30 | Secretary of State |
| Charleston, WV  25323          City and County | | |
| Hobet Mining, Inc. Attention: Corporation Trust Company P. O. Box 951          Street | 30 | Secretary of State |
| Charleston, WV  25323          City and County | | |
| Roger Bell, President Bar-K, Inc. Route 1, Box 344          Street | 20 | Personal |
| Hewett, WV  25108          City and County | | |

Defendants

Please issue summons in the above styled action as indicated.

Original and _____ copies of complaint furnished herewith.

Charles F. Donnelly
Counsel for Plaintiff

P. O. Box 1313

Charleston, WV  25325-1313
          Address

Counsel for Plaintiff

_____
Address

Date____September 18, 2002

# ●MEMORANDUM TO CLERK●
## FOR INSTITUTING CIVIL ACTION

To the Clerk of the ___Circuit Court___
Court of  Boone  County, West Virginia

Leslie Adams, et al.,
_____
_____
_____

CIVIL ACTION NO. 02-C-167
(To Be filled in by Clerk)

**Plaintiffs**

VS.

| | Days to Answer | Type of Service (Personal, Publication or Auditor) |

Billy Barker, Secretary
Bar-K, Inc.
P. O. Box 100
    Street

20      Personal

Pecks Mill, WV  25547
    City and County

_____
    Street

_____
    City and County

_____
    Street

_____
    City and County

_____
    Street

_____
    City and County

**Defendants**

Please issue summons in the above styled action as indicated.

Original and _____ copies of complaint furnished herewith.

Charles F. Donnelly
    Counsel for Plaintiff

    Counsel for Plaintiff

P. O. Box 1313

Charleston, WV  25325-1313
    Address

    Address

Date___ September 18, 2002

9/26/02



**State of West Virginia**
*Joe Manchin, III*
*Secretary of State*

**Secretary of State's Office**
Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, WV 25305-0770

Telephone: (304) 558-6000
Corporations: (304) 558-8000
FAX: (304) 558-0900
wvsos@secretary.state.wv.us
www.state.wv.us/sos/

H. H. Howell, Jr., Circuit Clerk
Boone County Courthouse
200 State Street
Madison, WV 25130-1189

# LEGAL NOTICE

September 24, 2002

Civil Action: 02-C-167

n enclosing:

| | |
|---|---|
| ____ summons | __1__ original |
| ____ notice | ____ affidavit |
| ____ order | ____ answer |
| ____ petition | ____ cross-claim |
| ____ motion | ____ counterclaim |
| ____ interrogatories | ____ request |
| ____ suggestions | ____ demand |
| ____ subpoena duces tecum | ____ default judgement |
| ____ summons and complaint | ____ complaint |
| ____ 3rd party summons and complaint | ____ notice of mechanic's lien |
| ____ summons returned from post office | ____ suggestee execution |
| ____ certified return receipt | ____ summons and amended complaint |

which was served on the Secretary at the State Capitol in his capacity as your statutory attorney-in-fact.
According to law, I have accepted service of process in the name and on behalf of Hobet Mining, Inc..

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper. Please, do not call the Secretary of State's office.*

A COPY ATTEST:

CIRCUIT CLERK

Sincerely,

Vicki Haught
Supervisor



**State of West Virginia**
**Joe Manchin, III**
**Secretary of State**

Secretary of State's Office
Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, WV 25305-0770

Telephone: (304) 558-6000
Corporations: (304) 558-8000
FAX: (304) 558-0900
wvsos@secretary.state.wv.us
www.state.wv.us/sos/

H. H. Howell, Jr., Circuit Clerk
Boone County Courthouse
200 State Street
Madison, WV 25130-1189

**LEGAL NOTICE**

September 24, 2002

Civil Action: 02-C-167

ᵀ  ˅ enclosing:

| | | | |
|---|---|---|---|
| ___ summons | __1__ original |
| ___ notice | ___ affidavit |
| ___ order | ___ answer |
| ___ petition | ___ cross-claim |
| ___ motion | ___ counterclaim |
| ___ interrogatories | ___ request |
| ___ suggestions | ___ demand |
| ___ subpoena duces tecum | ___ default judgement |
| ___ summons and complaint | ___ complaint |
| ___ 3rd party summons and complaint | ___ notice of mechanic's lien |
| ___ summons returned from post office | ___ suggestee execution |
| ___ certified return receipt | ___ summons and amended complaint |

which was served on the Secretary at the State Capitol in his capacity as your statutory attorney-in-fact.
According to law, I have accepted service of process in the name and on behalf of Apogee Coal Company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name
and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plantiff's
attorney, shown in the enclosed paper. Please, do not call the Secretary of State's office.*

A COPY ATTEST:

**CIRCUIT CLERK**

Sincerely,

Vicki Haught
Supervisor

9/24/02

**Secretary of State's Office**
**Building 1, Suite 157-K**
**1900 Kanawha Blvd., East**
**Charleston, WV 25305-0770**

*State of West Virginia*
*Joe Manchin, III*
*Secretary of State*

Telephone: (304) 558-6000
Corporations: (304) 558-8000
FAX: (304) 558-0900
wvsos@secretary.state.wv.us
www.state.wv.us/sos/

H. H. Howell, Jr., Circuit Clerk
Boone County Courthouse
200 State Street
Madison, WV 25130-1189

# LEGAL NOTICE

September 24, 2002

Civil Action: 02-C-167

I am enclosing:

| | |
|---|---|
| ____ summons | __1__ original |
| ____ notice | ____ affidavit |
| ____ order | ____ answer |
| ____ petition | ____ cross-claim |
| ____ motion | ____ counterclaim |
| ____ interrogatories | ____ request |
| ____ suggestions | ____ demand |
| ____ subpoena duces tecum | ____ default judgement |
| ____ summons and complaint | ____ complaint |
| ____ 3rd party summons and complaint | ____ notice of mechanic's lien |
| ____ summons returned from post office | ____ suggestee execution |
| ____ certified return receipt | ____ summons and amended complaint |

which was served on the Secretary at the State Capitol in his capacity as your statutory attorney-in-fact.
According to law, I have accepted service of process in the name and on behalf of Bar-K, Inc..

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper.  Please, do not call the Secretary of State's office.*

A COPY ATTEST:

**CIRCUIT CLERK**

Sincerely,

Vicki Haught
Supervisor



**State of West Virginia**
*Joe Manchin, III*
*Secretary of State*

Secretary of State's Office
Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, WV 25305-0770

Telephone: (304) 558-6000
Corporations: (304) 558-8000
FAX: (304) 558-0900
wvsos@secretary.state.wv.us
www.state.wv.us/sos/

H. H. Howell, Jr., Circuit Clerk
Boone County Courthouse
200 State Street
Madison, WV 25130-1189

September 30, 2002

RE: 02-C-167
    LESLIE ADAMS, ET AL vs BAR-K, INC., ET AL

On the 24th day of September 2002, I accepted service on a summons and complaint which was forwarded to this corporation at the address listed below, by certified mail with a return receipt requested.

The certified letter has been returned to my office by the United States Postal Service for the reason indicated below:

\_\_\_  moved, left no address

\_\_\_  moved, unable to forward

\_\_\_  forwarding order expired

\_\_\_  addressee unknown

\_\_\_  no such number

\_\_\_  refused

\_\_\_  unclaimed

**X**  NOT DELIVERABLE AS ADDRESSED/UNABLE TO FORWARD



Bar-K, Inc.
Roger D. Bell
Rt 1, Box 344
Hewett, WV 25108

A COPY ATTEST:

CIRCUIT CLERK

Sincerely,

Vicki Haught
Supervisor

## AFFIDAVIT OF ANN R. STARCHER

**STATE OF WEST VIRGINIA,**

**COUNTY OF KANAWHA, TO-WIT:**

This day personally appeared before me, the undersigned authority, a notary public in and for the County and State aforesaid, Ann R. Starcher, who, after being first duly sworn, deposes and says:

My name is Ann R. Starcher. I practice as an attorney in the law firm of Lewis, Glasser, Casey & Rollins, LLP in Charleston, West Virginia. In my capacity as an attorney with the firm, I have represented Bar-K, Inc. in various matters. I was also an escrow agent pursuant to an escrow agreement dated February 20, 2002, entered into between Bar-K, Inc., Hobet Mining, Inc. and Lewis, Glasser, Casey & Rollins, LLP. In the capacity as an escrow agent, the United Mine Workers of America, on or around April 2, 2002, sent me a summary showing total amounts of medical bills allegedly unpaid for former employees of Bar-K, Inc. A true and correct copy of that summary is attached as Exhibit A to my affidavit.

FURTHER THIS AFFIANT SAITH NOT.

_____
ANN R. STARCHER

Taken, subscribed and sworn to before me on this the 22nd day of Oct.
_____, 2002.

My commission expires _Nov. 2, 2004_.

**OFFICIAL SEAL**
**NOTARY PUBLIC**
**STATE OF WEST VIRGINIA**
**DORIS J. GRALEY**
854 Kanawha Blvd. W.
Apartment B D
Charleston, WV 25302
My Commission Expires Nov. 2, 2004

_____
NOTARY PUBLIC

C0660461.1

**EXHIBIT**
**D**

**BAR-K, INC.**
**SUMMARY OF MEDICAL BILLS**
**Bills Paid and Unpaid**

| Employee | Total Amount | Paid by Employee | Amount Unpaid |
|---|---|---|---|
| Leslie Adams | 9,795.92 | 432.00 | 9,363.92 |
| Brian R. Ball | 138.27 | 138.27 | 0.00 |
| Nicholas L. Ball | 5,410.53 | 571.00 | 4,839.53 |
| Roy C. Ball | 4,067.61 | 100.74 | 3,966.87 |
| Kenvil R. Bias | 1,192.01 | 0.00 | 1,192.01 |
| Curtis E. Brown | 3,162.92 | 0.00 | 3,162.92 |
| Harold G. Collins | 1,846.26 | 1,642.95 | 203.31 |
| Roger L. Collins | 144.38 | 144.38 | 0.00 |
| Brian L. Cook | 4,633.71 | 182.74 | 4,450.97 |
| James R. Cook | 84.39 | 84.39 | 0.00 |
| David Craddock | 545.79 | 400.43 | 145.36 |
| John R. Craddock | 17,119.24 | 752.00 | 16,367.24 |
| Jack A. Dempsey | 2,640.33 | 0.00 | 2,640.33 |
| John K. Dempsey | 4,106.65 | 193.00 | 3,913.65 |
| Robert E. Dent | 5,860.49 | 230.94 | 5,629.55 |
| Paul E. Dillon | 27,628.89 | 442.53 | 27,186.36 |
| O'Dell R. Ellis | 2,264.71 | 485.00 | 1,779.71 |
| Elery D. Farley | 7,797.86 | 600.00 | 7,197.86 |
| Howard L. Farley Jr. | 10,988.61 | 0.00 | 10,988.61 |
| Michael Farris | 1,417.53 | 0.00 | 1,417.53 |
| Gary D. Foster | 2,887.65 | 110.00 | 2,777.65 |
| David P. Hager | 866.29 | 45.99 | 820.30 |
| Steven M. Hager | 14,326.62 | 176.18 | 14,150.44 |
| Timothy M. Hager | 20,613.17 | 696.12 | 19,917.05 |
| Tolbert Hall | 264.99 | 0.00 | 264.99 |
| Eddie A. Hicks | 37,843.83 | 0.00 | 37,843.83 |
| Billy R. Jarrell | 235.00 | 235.00 | 0.00 |
| James M. Kinder | 9,296.06 | 25.00 | 9,271.06 |
| William L. Knight Jr. | 1,362.85 | 83.25 | 1,279.60 |
| Terry R. Laws Sr. | 325.90 | 0.00 | 325.90 |
| Jimmy Loftus | 505.00 | 0.00 | 505.00 |
| David E. May | 6,897.78 | 450.97 | 6,446.81 |
| John G. Mayhorn | 117.61 | 0.00 | 117.61 |
| Tim McGuire | 1,815.72 | 1,177.72 | 638.00 |
| Billy McKinney | 1,231.00 | 0.00 | 1,231.00 |
| Barry A. Mynes | 60,298.33 | 0.00 | 60,298.33 |
| Gregory S. Napier | 228.06 | 228.06 | 0.00 |
| Billy Nelson | 800.75 | 0.00 | 800.75 |
| David R. Older | 3,777.68 | 3,386.07 | 391.61 |
| Samuel D. Perdue | 130.00 | 50.00 | 80.00 |
| Howard Scalf Jr. | 1,373.17 | 0.00 | 1,373.17 |
| John M. Shirkey | 971.20 | 0.00 | 971.20 |
| William H. Smith | 57.53 | 0.00 | 57.53 |
| Jackie E. Spurlock Sr. | 14,138.10 | 0.00 | 14,138.10 |
| Naaman N. Stollings | 11,538.03 | 3,547.97 | 7,990.06 |

| Employee | Total Amount | Paid by Employee | Amount Unpaid |
|---|---|---|---|
| Paul E. Stover | 337.96 | 0.00 | 337.96 |
| Leonard M. Tabor | 260.51 | 0.00 | 260.51 |
| Calvin Tomblin | 1,354.58 | 0.00 | 1,354.58 |
| Opie Tomblin Jr. | 177.00 | 0.00 | 177.00 |
| Fulton H. Toney | 6,326.34 | 160.00 | 6,166.34 |
| Kevin Trammell | 1,935.48 | 168.60 | 1,766.88 |
| Phillip J. White | 507.50 | 0.00 | 507.50 |
| Ray Wolford | 1,591.86 | 309.95 | 1,281.91 |
| Lawrence Woods Jr. | 690.00 | 45.76 | 644.24 |
| Clyde W. Workman Jr. | 386.43 | 113.84 | 272.59 |
| Darren Workman | 45.00 | 0.00 | 45.00 |
| Lennie W. Workman | 4,671.77 | 89.00 | 4,582.77 |
| Rodney L. Yeager | 1,604.35 | 163.80 | 1,440.55 |
| GRAND TOTALS | 322,637.20 | 17,663.65 | 304,973.55 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MARY L. LILLY,

     Plaintiff,

v.                           CIVIL ACTION NO. 5:02-0004

CSX TRANSPORTATION, INC.,

     Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to remand this action to the Circuit Court of Summers County, West Virginia (doc. # 5). For the reasons stated herein, plaintiff's motion to remand is DENIED.

### I. Background

The complaint in this action was filed on November 16, 2001, in the Circuit Court of Summers County, West Virginia. Service was accepted on behalf of defendant CSX Transportation, Inc. ("CSX") by its statutory agent for service of process, the West Virginia Secretary of State, on November 30, 2001, pursuant to West Virginia Code § 31-1-15. The complaint was received by CSX in Jacksonville, Florida, its principal place of business, on December 7, 2001.

CSX filed a notice of removal pursuant to 28 U.S.C. § 1446(d) on January 2, 2002.



EXHIBIT
E

## II. Discussion

Plaintiff moves to remand this action pursuant to 28 U.S.C. § 1447(c), claiming that CSX's notice of removal was untimely. CSX opposes remand and claims that its notice of removal was timely. Title 28 U.S.C. § 1446(b) provides that a notice of removal is timely if it is filed within 30 days "after receipt by the defendant, through service or otherwise" of a copy of the complaint. The parties disagree on when the thirty-day time period for removal began to run in this case. Plaintiff argues that the time for removal began to run on November 30, 2001, the date the West Virginia Secretary of State was served and, therefore, that CSX's notice of removal was untimely. CSX argues that the time for removal did not begin to run until December 7, 2001, the date it actually received a copy of the complaint, and, therefore, that its notice of removal was timely.

The court notes that neither the Fourth Circuit nor any other United States Circuit Court of Appeals has addressed the question of when the thirty-day removal period begins to run when service is effected on a statutory agent for service of process. However, almost every district court that has recently addressed the issue has held that when service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does

-2-

not start to run until the defendant actually has received a
copy of the complaint.* See Hibernia Community Development
Corp., Inc. v. U.S.E. Community Services Group, Inc., 166 F.
Supp. 2d 511, 513 (E.D. La. 2001) (holding that thirty-day
period did not begin to run until defendant actually received
the plaintiff's petition); Auguste v. Nationwide Mutual Ins.
Co., 90 F. Supp. 2d 231, 232 (E.D.N.Y. 2000) (holding that
service of process upon defendant's statutory agent is not
sufficient to trigger the 30-day removal period); Monterey
Mushrooms, Inc. v. Hall, 14 F. Supp. 2d 988, 991 (S.D. Tex.
1998) (holding that, where service was properly made on a
statutory agent, the removal period began when defendant
actually received the process, not when the statutory agent
received it); Wilbert v. Unum Life Ins. Co., 981 F. Supp. 61, 63
(D.R.I. 1997) ("When a statutory agent is served, the clock for
removal does not begin ticking as it would if defendant itself
had been served but rather starts when defendant receives actual
notice of the service from the statutory agent."); Pilot Trading
Co. v. Hartford Ins. Group, 946 F. Supp. 834, 839 (D. Nev. 1996)
(holding that, where service is effected through a statutory
agent, the time for removal starts running at the time of

---

* A few courts have taken a somewhat different approach, holding that
the time for removal begins on the date the statutory agent mails the
complaint to the defendant. See, e.g., Masters v. Nationwide Mutual
Fire Ins. Co., 858 F. Supp. 1184, 1186 (M.D. Fla. 1994).

defendant's actual receipt of the complaint); Medina v. Wal-Mart Stores, Inc., 945 F. Supp. 519, 520 (W.D.N.Y. 1996) (noting that "'the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent.'") (quoting Cygielman v. Cunard Line, Ltd., 890 F. Supp. 305, 307 (S.D.N.Y. 1995)); Taphouse v. Home Ins. Co., 885 F. Supp. 158, 161 (E.D. Mich. 1995) (holding that the time limit for removal does not begin with service on a statutory agent, but when the defendant actually receives the pleading); Skidaway Assocs., Ltd. v. Glens Falls Ins. Co., 738 F. Supp. 980, 982 (D.S.C. 1990) ("The law appears to be settled that service on a statutory agent . . . does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by the defendant."). See also Tick, Tock: Rules on the Removal Clock, 19 Rev. Litig. 47 (2000) (concluding that "the heavy weight of authority is to the effect that the time for removal in cases of service upon a statutory agent runs from the receipt of the pleading by the defendant, rather than the statutory agent."). The rationale behind this line of cases is that a defendant can make a decision to remove only after examining the complaint. If the removal period began running upon receipt of the complaint by the statutory agent, "the privilege of a defendant to remove could be easily curtailed or

abrogated completely."  Benson v. Bradley, 223 F. Supp. 669, 672
(D. Minn. 1963).

The court has found only one published decision issued
within the last four decades which supports plaintiff's argument
that service on a statutory agent starts the thirty-day period
for removal, even when the defendant has not yet actually
received a copy of the complaint. See Bodden v. Union Oil Co.,
82 F. Supp. 2d 584 (E.D. La. 1998).  The Bodden court based its
conclusion on the Fifth Circuit's opinion in Reece v. Wal-Mart
Stores, Inc., 98 F.3d 839, 841 (5th Cir. 1996), which was
abrogated by the Supreme Court in Murphy Brothers, Inc. v.
Michetti Pipe Stringing, Inc., 526 U.S. 344, 355-56  (1999).

In Reece, a plaintiff filed suit against a corporation and
one of its employees in state court.  Reece, 98 F.3d at 841.
Plaintiff mailed a copy of her original petition to the
defendant corporation's Chief Executive Officer and two months
later, served process on the defendant corporation.  Id.
Seventy-seven days after receiving a copy of the original
petition and seventeen days after service of process, the
defendant corporation filed a Notice of Removal in which it
argued that plaintiff had fraudulently joined one of the
corporation's employees in an attempt to defeat diversity
jurisdiction.  Id.  Plaintiff filed a Motion to Remand which was

denied, and after a trial on the merits, the district court granted judgment in favor of the defendants.  Id.  Plaintiff appealed the district court's denial of her Motion to Remand, and the Fifth Circuit reversed, stating that "according to the statute, the thirty-day period begins when the defendant receives a copy of the initial pleading through any means, not just service of process."  Id.

In Murphy Brothers, the Supreme Court overturned the Reece rule because it opened up the possibility that a person's "procedural rights [might] slip away before service of a summons, i.e., before one is subject to any court's authority." Murphy Bros., 526 U.S. at 356.  Because Bodden was based on Reece and because it is contrary to the general rule, the court declines to adopt the Bodden holding.

The court is persuaded by the reasoning in the cases following the majority view and finds that, where service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process.

### III. Conclusion

Because plaintiff served process on a statutory agent, defendant's motion to remand was not due until thirty days after defendant actually received a copy of the complaint.  Thus,

defendant's notice of removal, filed on January 2, 2002, was timely. Accordingly, plaintiff's motion to remand is DENIED.

The Clerk is directed to mail copies of this Memorandum Opinion and Order to counsel of record and to publish a copy on the court's website at www.wvsd.uscourts.gov.

It is so ORDERED this 21st day of February, 2002.

Enter:

_____
David A. Faber
United States District Judge